UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


CITIMORTGAGE, INC.,                                    CIVIL NO. 15-1870 (PJS/JSM)

      Plaintiff,

v.                                                     REPORT AND RECOMMENDATION

PAUL ERNEST SELLORS,
DANIEL HUBBARD, and
MARGARET HUBBARD,

      Defendants.


JANIE S. MAYERON, United States Magistrate Judge

This matter came before the Court upon defendants' Motion to Dismiss [Docket No. 41]. The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.    FACTUAL BACKGROUND

On December 4, 2015, defendants Paul Ernest Sellors, Daniel Hubbard and Margaret Hubbard moved this Court to dismiss the instant suit filed against them on the ground that they "explicitly reserve all of [their] rights" under Section 1-308 of the Uniform Commercial Code, which they claim provides:

> A party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved. Such words as "without prejudice," "under protest," or the like are sufficient.

Defendants also maintained that the actions of this Court and of all others in this case were committed in violation of 18 U.S.C. §§ 241 and 242.  Defendants provided no further argument, legal authority, or memorandum of law in support of their motion to dismiss.

## II.     DISCUSSION

Under Rule 7 of the Federal Rules of Civil Procedure, a request for a Court order must be made by a motion that "state[s] with particularity the grounds for seeking the order . . . ."  Fed. R. Civ. P. 7(b)(1)(B).  Additionally, pursuant to the Local Rules of this District, as well as this Court's Pretrial Scheduling Order [Docket No. 19], after contacting the judge's courtroom deputy to schedule a hearing, and at least 42 days before the hearing, a moving party must serve and file a notice of hearing, a memorandum of law in support of the motion, and a proposed order.  L.R. 7.1(c)(1).  Further, the Local Rules dictate that a moving party must submit a meet-and-confer statement together with the motion that it relates to.  L.R. 7.1(a)(1).  The meet-and-confer statement must certify that the moving party met and conferred with the opposing party and state whether the parties agreed to the resolution of the motion.  Id.

In this case, defendants have utterly failed to comply with the motion practice procedures set forth in the Federal Rules of Civil Procedure, the Local Rules of this District, and this Court's Pretrial Scheduling Order.  Defendants did not attempt to secure a hearing date prior to filing their motion; did not submit the required meet-and-confer statement; and did not file and serve the notice of hearing, proposed order, and memorandum of law stating with particularity the grounds for seeking an order of

dismissal.  Consequently, neither plaintiffs nor the Court can discern any basis upon which to grant the relief sought by defendants.

## III.   CONCLUSION

For all of the foregoing reasons, the Court recommends that defendants' Motion to Dismiss [Docket No. 41] be **DENIED**.

Dated:        December 23, 2015

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 6, 2016**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.